IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS
STATE OF MISSOURI

| | | |
|---|---|---|
| **JOSEPH TEHANDON**, | ) | |
| | ) | |
| Plaintiff, | ) | Cause No. _____ |
| | ) | |
| v. | ) | Division No. ___ |
| | ) | |
| **PENSKE TRUCK LEASING CO., LP** | ) | |
| Serve: | ) | |
| Csc-Lawyers Incorporating | ) | |
| Service Company | ) | Jury Trial Demanded |
| 221 Bolivar St | ) | |
| Jefferson City, Mo 65101 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| **PENSKE TRUCK LEASING CORPORATION** | ) | |
| Serve: Csc-Lawyers Incorporating | ) | |
| Service Company | ) | |
| 221 Bolivar St | ) | |
| Jefferson City, Mo 65101 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| **JOHN DOE ENTITY** | ) | |
| Hold Service | ) | |
| | ) | |
| Defendants. | ) | |

## PETITION FOR DAMAGES

COMES NOW Plaintiff and for his Petition for Damages against Defendants states:

### Nature of Action

1. This action is brought pursuant to the Missouri Human Rights Act (hereinafter MHRA), Chapter 213, RSMo. for national origin, race and disability discrimination.

1

## Parties

2. Plaintiff Joseph Tehandon is an individual over the age of 18.

3. Defendant Penske Truck Leasing Co. LP is a Delaware limited partnership doing business as Penske Truck Rental at 2210 S. 7th St., St. Louis, Missouri, 63104.

4. Defendant Penske Truck Leasing Corporation is a Delaware corporation doing business as Penske Truck Rental at 2210 S. 7th St., St. Louis, Missouri, 63104.

5. Pleading hypothetically and in the alternative, Defendant John Doe Entity is a Missouri business located at 2210 S. 7th St., St. Louis, Missouri, 63104.

6. Hereinafter, the Defendants will be referred to collectively as "Penske Truck Rental" or "Penske."

7. At all times relevant, Plaintiff was an employee of Defendants Penske Truck Rental and/or John Doe Entity.

8. At all times relevant to this lawsuit, Defendants were employers within the meaning of § 213.010(7) RSMo. of the MHRA because they employed more than 6 persons.

## Venue

9. Venue is proper in the City of St. Louis because all of the events complained of herein occurred in the City of St. Louis, pursuant to RSMo. § 213.111.

## Procedural Prerequisites

10. On or about May 11, 2021, Plaintiff timely submitted a charge of discrimination against Defendants with the Missouri Commission on Human Rights (MCHR), Charge No. 28E-2021-00642, E-05/21-52975, where he alleged Defendants unlawfully discriminated against him because of his race, national origin, and disability.

11. On or about June 16, 2022 the MCHR issued its Notice of Right to Sue, and Plaintiff instituted this action within 90 days of his receipt of the Notice of Right to Sue. (See Plaintiff's Exhibit 1 which is attached hereto and incorporated herein).

**Factual Allegations**

12. Plaintiff Joseph Tehandon is a Hispanic man of Mexican national origin.

13. Plaintiff began working at Defendants Penske in December 2006.

14. In or around 2020, Plaintiff began suffering from depression and anxiety.

15. Plaintiff told his employer about his conditions.

16. These conditions left Plaintiff with a lack of energy, stomach issues, and loss of ability to focus at times.

17. On or about November 5, 2020, Plaintiff began taking medication for his conditions, Viibryd.

18. On or about November 6, 2020, Plaintiff inadvertently took his son's medication, Adderall, instead of his own medication.

19. Plaintiff and his son share the same name, so he mistakenly took the wrong medicine one morning since both pill bottles were labeled with the same name.

20. Plaintiff was given a drug screening test at work that day, November 6, 2020.

21. Plaintiff failed the drug test due to his mistake.

22. On November 13, 2020, Plaintiff was informed of his failure.

23. On November 17, 2020, Plaintiff received a letter with certain conditions he had to meet in order to return to work.

3

24. Plaintiff had to attend classes about substance abuse, and further took a second test which was negative.

25. Plaintiff complied with these requirements as his own cost.

26. On or about December 4, 2020, Defendants terminated Plaintiff's employment for failing the drug test on November 6, 2020.

27. Plaintiff explained the mistake to his employer, but it kept the termination in place.

28. Penske has no policy about immediately firing an employee for failing a drug test.

29. Other non-Hispanic, non-disabled employees have failed drug tests or have gotten DUIs and have not been terminated.

30. Plaintiff was ultimately reinstated to his position several months later after a union grievance was completed, finding there was no evidence that Plaintiff knowingly violated the drug policy.

**Count I**
**Violation of the Missouri Human Rights Act**
**Race Discrimination**

31. Plaintiff incorporates by reference the previous paragraphs and further alleges as follows:

32. Plaintiff is a Hispanic man, and is therefore a member of a protected group.

33. Plaintiff suffered adverse employment action because of his race, including but not limited to termination.

Electronically Filed - City of St. Louis - September 13, 2022 - 10:00 AM

34. Plaintiff's race was a contributing factor and motivating factor in Defendants actions, for the following reasons, including, but not limited to Plaintiff was terminated for reasons white and non-Hispanic persons were not terminated for and he was treated worse than non-Hispanic employees.

35. Plaintiff was damaged by Defendants' actions.

36. Defendants' conduct was outrageous because of an evil motive and reckless indifference to the rights of Plaintiff, in that Defendants discriminated against Plaintiff based on race without just cause or excuse in violation of the Missouri Human Rights Act.

**WHEREFORE**, Plaintiff prays for judgment in his favor and against Defendants for damages in excess of $25,000, including both actual and punitive damages, for the costs incurred herein and expended, for attorneys' fees, and for such other and further relief as the Court deems just.

<u>**Count II**</u>
<u>**Violation of the Missouri Human Rights Act**</u>
<u>**National Origin Discrimination**</u>

37. Plaintiff incorporates by reference the previous paragraphs and further alleges as follows:

38. Plaintiff is a man of Mexican national origin.

39. Plaintiff suffered adverse employment action because of his national origin, including but not limited to termination.

40. Plaintiff's national origin was a contributing factor and motivating factor in Defendants' actions, for the following reasons, including, but not limited to Plaintiff

was terminated for reasons non-Mexican persons were not terminated for and he was treated worse than non-Mexican employees.

41. Plaintiff was damaged by Defendants' actions.

42. Defendants' conduct was outrageous because of an evil motive and reckless indifference to the rights of Plaintiff, in that Defendants discriminated against Plaintiff based on national origin without just cause or excuse in violation of the Missouri Human Rights Act.

**WHEREFORE**, Plaintiff prays for judgment in his favor and against Defendants for damages in excess of $25,000, including both actual and punitive damages, for the costs incurred herein and expended, for attorneys' fees, and for such other and further relief as the Court deems just.

### Count III-Violation of the Missouri Human Rights Act
### Disability Discrimination

43. Plaintiff incorporates by reference the previous paragraphs and further alleges as follows:

44. Plaintiff is disabled and is therefore a member of a protected group.

45. Because of his disability, Plaintiff was discriminated against and suffered adverse employment action by Defendants when they terminated his employment.

46. Plaintiff was capable of performing the essential functions of his job despite his disability.

47. Plaintiff's disability was a contributing and motivating factor in Defendants' decision to terminate because him because he was terminated shortly after

6

informing his employer of his disability, and others who were not disabled were not terminated.

48. As a result of the discrimination, Plaintiff has suffered damages.

49. Defendants' conduct was outrageous because of an evil motive and reckless indifference to the rights of Plaintiff, in that Defendants intentionally terminated his employment and discriminated against Plaintiff without just cause or excuse in violation of the Missouri Human Rights Act.

**WHEREFORE**, Plaintiff prays for judgment in his favor and against Defendants for damages in excess of $25,000, including both actual and punitive damages, for the costs incurred herein and expended, for attorneys' fees, and for such other and further relief as the Court deems just.

## CONSTITUTIONAL CHALLENGE
## APPLICATION OF SENATE BILL 43, AND ANY PROVISIONS THEREIN, TO THIS CAUSE OF ACTION WOULD VIOLATE THE CONSTITUTION

50. Plaintiff incorporates by reference the previous paragraphs as if fully set forth herein.

51. Senate Bill 43 and numerous particular provisions therein, which became effective on August 28, 2017, and which purport to apply to this case, violate the Missouri Constitution and are therefore invalid and without legal effect, as more fully discussed herein.

52. SB 43, which purports to limit plaintiff's relief under Missouri Human Rights Act (MHRA) cases, violates:

a. Plaintiff's right to equal protection of the law, guaranteed by Article I, Section 2 of the Missouri Constitution, because:

      i.      The cap on damages irrationally treats plaintiffs in MHRA cases differently than other tort cases; and

      ii.      The cap on damages irrationally treats plaintiffs with severe injuries and large damages differently than those with little damages;

    b.    Plaintiff's right to due process of law, guaranteed by Article I, Section 10 of the Missouri Constitution because it unreasonably deprives plaintiffs of full and fair compensation for their injuries.

    c.    Plaintiff's right to a certain remedy for every injury, guaranteed by Article I, Section 14 of the Missouri Constitution, because the statute fails to provide a reasonable substitute for the damages denied to plaintiffs under the statute;

    d.    Plaintiff's right to a trial by jury, guaranteed by Article I, Section 22(a) of the Missouri Constitution, because the right to a trial by jury as provided for in the Constitution includes the right to have a jury determine all of plaintiffs' damages without interference by legislature;

    e.    The separation of powers, established by Article II, Section 1 of the Missouri Constitution, because it is within the fundamental and inherent function of the courts, not the legislature, to remit verdicts and judgments; and

    f.    The prohibition against special laws granting to any corporation, association or individual any special or exclusive right, privilege, or immunity, established by Article III, Section 40 (28) of the Missouri Constitution, because the cap (1) arbitrarily distinguishes between slightly and severely injured plaintiffs; (2) arbitrarily distinguishes between plaintiffs with identical injuries; (3) arbitrarily distinguishes between individual

Electronically Filed - City of St. Louis - September 13, 2022 - 10:00 AM

types of injuries; and (4) arbitrarily distinguishes between tortfeasors based on the number of employees they have.

53. SB 43, which purports to provide that the MHRA, the Workers' Compensation chapter, and the general employment law chapter, shall be the exclusive remedy for any and all claims for injury or damages arising out of the employment relationship, violates Plaintiff's right to a trial by jury, guaranteed by Article I, Section 22(a) of the Missouri Constitution, because the right to a trial by jury as provided for in the Constitution includes the right to have a jury determine all of plaintiffs' damages for all possible claims without interference by legislature; Plaintiff's right to due process of law, guaranteed by Article I, Section 10 of the Missouri Constitution because it unreasonably deprives plaintiffs of full and fair compensation for their injuries; Plaintiff's right to a certain remedy for every injury, guaranteed by Article I, Section 14 of the Missouri Constitution; and purports to limit Plaintiff's ability to bring Federal claims in state court, which violates the supremacy clause, Article VI of the U.S. Constitution.

54. Applying any aspects of SB 43 that are substantive retroactively to this claim would violate Article I, Section 13 of the Missouri Constitution.

55. The Missouri Attorney General has been served with a copy of this Petition pursuant to Missouri Rule 87.04 and Section 527.210, RSMo.

**WHEREFORE**, Plaintiffs ask for the Court to declare that Senate Bill 43 and its enacted statutory provisions are unconstitutional and therefore to apply the laws in effect before August 28, 2017 and to provide such other relief as this Court deems proper and just.

Electronically Filed - City of St. Louis - September 13, 2022 - 10:00 AM

    Respectfully submitted,

    PONDER ZIMMERMANN LLC

    By_____/s/ Jaclyn Zimmermann_____
        Jaclyn M. Zimmermann, #57814
        jmz@ponderzimmermann.com
        Douglas Ponder, #54968
        dbp@ponderzimmermann.com
        20 S. Sarah
        St. Louis, MO 63108
        Phone:  314-272-2621
        Fax:  314-272-2713

    Attorneys for Plaintiff