UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOSEPH TEHANDON, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )  Case No. 4:23-cv-00183 PLC |
| | ) |
| PENSKE TRUCK LEASING, CO., LP, | ) |
| and | ) |
| PENSKE TRUCK LEASING CORP. | ) |
| | ) |
|     **Defendants,** | ) |

## MEMORANDUM AND ORDER

This matter comes before the Court on Plaintiff Joseph Tehandon's *pro se* "Motion to Set Aside Order for Attorney's Fees Pursuant to Missouri Supreme Court Rule 74.06(b)."[1] [ECF No. 62] Plaintiff seeks to set aside the Court's December 30, 2024 Order ("Costs Order") awarding Defendants $2,825.30 in costs associated with the underlying action. [ECF Nos. 62 & 62-1] Plaintiff requests the Court set aside the Costs Order because: (1) he was on active military leave at the time of the motion and entry of the order, (2) he failed to received notice of Defendants' Bill of Costs and was "not given an opportunity to respond or be heard on the matter prior to entry of the [Costs Order,]" and (3) Defendants' attempts to collect the costs violate the Uniformed Services Employment and Reemployment Rights Act ("USERRA"), 38 U.S.C. § 4301, *et seq*. [ECF Nos. 62 & 62-1]

---

[1] Two attorneys remain listed as Plaintiff's counsel of record and, therefore, he should generally communicate with the Court though counsel. "A district court has no obligation to entertain *pro se* motions filed by a represented party." *Abdullah v. United States*, 240 F.3d 683, 686 (8th Cir. 2001). While the Court addresses the merits of Plaintiff's current *pro se* motion, any future communication with the Court must be filed by counsel of record.

Defendants respond that Missouri Supreme Court Rule 74.06(b) is inapplicable but that even if Plaintiff's request to set aside the Costs Order is considered under Federal Rule of Civil Procedure 60(b), Plaintiff has failed to demonstrate that he is entitled to relief. [ECF No. 63] Specifically, Defendants assert Plaintiff's alleged bases for relief are unfounded because: (1) Plaintiff's supporting documents demonstrate he was not on active military leave either when Defendants filed the Bill of Costs or when Plaintiff's counsel filed an objection; (2) Plaintiff filed an objection to Defendants' Bill of Costs thus demonstrating he had notice and an opportunity to respond to the motion; and (3) Defendants' representatives seeking payment of the costs was not tantamount to threats, coercion, or retaliation or a violation of USERRA. [ECF No. 63]

I.  Background

After his termination in December 2020, Plaintiff filed a complaint against Defendants in the Circuit Court of the City of St. Louis claiming race, national origin, and disability discrimination under the Missouri Human Rights Act (MHRA), Mo. Rev. Stat. §213.101 et seq. [ECF No. 7] Defendants removed Plaintiff's action to federal court on the grounds of diversity jurisdiction. [ECF No. 18]

Defendants moved for summary judgment on Plaintiff's claims, which the Court granted. [ECF Nos. 43, 56, 57]  On August 1, 2024, Defendants filed a Bill of Costs pursuant to Federal Rule of Civil Procedure 54(d)(1) and 28 U.S.C. §1920 seeking reimbursement for $6,507.70 in costs expended by Defendants and counsel.[2]  [ECF Nos. 58 & 58-1]

On August 15, 2025, Plaintiff's counsel filed an objection requesting that the Court deny Defendants' Bill of Costs in its entirety or, alternatively, to reduce the amount of costs. [ECF No. 59] Defendants did not file a response to Plaintiff's objection.  On December 30, 2024, the Court

---

[2] Defendants sought $402.00 for "Fees of the Clerk"; $6,071.85 in deposition fees; and $33.85 for photocopies.  [ECF No. 58-1]

2

entered a Memorandum and Order ("Costs Order") concluding some of Plaintiff's objections to Defendants' Bill of Costs were meritorious, reducing Defendants' requested fees and costs accordingly, and awarding Defendants $2,825.30 in costs. [ECF No. 60]

On May 23, 2025, Plaintiff filed the motion to set aside and supporting documentation requesting the Court set aside the Costs Order pursuant to Missouri Supreme Court Rule 74.06(b).[3] [ECF Nos. 62 & 62-1] In support of the motion, Plaintiff claims he was on "active military leave at the time of the motion" and "[o]n or around December 30, 2024" when the Court entered the Costs Order. [ECF Nos. 62 & 62-1] Plaintiff states his "duty obligations limited [his] ability to communicate or check on the case status" and he "could not reasonably attend or respond to court proceedings[.]" [ECF No. 62-1] Plaintiff contends he "was not properly notified" of Defendants' motion for costs and was "not given an opportunity to respond or be heard on the matter prior to entry of the order." [ECF No. 62]

Plaintiff further contends that on or about April 11, 2025, while on military leave, he received a letter from Defendants' representative stating he "must repay the judgment, resign, or face termination" and this "threatened termination or encouraged resignation" of his position was "coercive, retaliatory, and potentially in violation of Plaintiff's rights under [USERRA]." [ECF No. 62] Plaintiff attached a letter dated April 10, 2025 from Lucy Anthony, Defendants' vice president and assistant general counsel, referencing the Court's Costs Order and stating Plaintiff

---

[3] Plaintiff's motion specifically requests the Court to set aside its "March 6, 2024 Order granting Defendant's Motion for Attorney's Fees in the amount of $3,221.10." [ECF No. 62] No such order exists.
However, in his supporting documents, Plaintiff requests that the Court set aside the December 30, 2024 Order "awarding attorney's fees to the Defendant in the amount of $2,825.30." [ECF No. 62-1] Although the Court's December 30, 2024 Order awarded costs, not attorney fees, it is apparent that the Costs Order is the order Plaintiff is seeking to set aside. Defendants agree that the December 30, 2024 Costs Order is the one which Plaintiff likely seeks to set aside. Accordingly, the Court will address Plaintiff's arguments with respect to this order.

3

must reimburse Defendants for these costs to "avoid further legal action[.]" [ECF No. 62-1] The letter states Plaintiff can pay by authorizing Defendants to recoup this amount from Plaintiff's paycheck, by submitting a check for the full amount, or by establishing a "repayment plan[.]" [ECF No. 62-1] The letter states that, alternatively, Plaintiff "may resign [his] employment" and Defendants "will waive the costs owed." [ECF No. 62-1]

Plaintiff also attached a list of entries with "start" and "end" dates which Plaintiff states are "Military Orders Confirming Active Duty Leave[.]" [ECF No. 62-1] During the relevant period, the document purportedly shows that Plaintiff was on active military duty on July 26, 2024; July 27, 2024; and August 16, 2024; and from September 2 through December 28, 2024; January 27 through January 30, 2025; February 16 through March 31, 2025; and April 1, 2025 through the present. [ECF No. 62-1] This document appears to show that Plaintiff was not on active military duty when: (1) Defendants' Bill of Costs was filed on August 1, 2024; (2) Plaintiff's counsel filed an objection on August 15, 2024; or (2)  the Court entered the Costs Order on December 30, 2024. [ECF No. 62-1]

Defendants counter Plaintiff has failed to demonstrate that the Costs Order should be aside. [ECF No. 63] Specifically, Defendants assert Plaintiff's alleged bases for relief are unfounded because: (1) Plaintiff's supporting documents demonstrate he was not on active military leave when Defendants' Bill of Costs was filed or when Plaintiff's counsel filed a response in opposition; (2) Plaintiff filed an objection to Defendants' Bill of Costs, thus demonstrating that he had notice and an opportunity to respond to the motion; and (3)  Defendants' representatives seeking payment of the costs was not tantamount to threatening, coercion, or retaliation, and did not violate the USERRA.  [ECF No. 63]

Defendants attached the Declaration of Eric Todd, Defendants' counsel of record, stating he contacted Plaintiff's counsel on January 2, 2025, requesting payment pursuant to the Court's Costs Order. [ECF No. 63-1] When he received no response, Mr. Todd followed up by telephone and again received no response. [ECF No. 63-1] Having received no response from Plaintiff's counsel, Defendants then "communicated by letter directly with Plaintiff regarding the payment of costs" because Plaintiff remains Defendants' employee. [ECF No. 63-1]

II.     Legal Standard

Federal Rule of Civil Procedure 60(b) authorizes the Court to relieve a party from a final judgment or order. Fed. R. Civ. P. 60(b).[4]  Rule 60(b) "provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances." *Williams v. York*, 891 F.3d 701, 706 (8th Cir. 2018) (quoting *Jones v. Swanson*, 512 F.3d 1045, 1048 (8th Cir. 2008)). A Rule 60(b) motion must be made within a reasonable time and, in some instances, no more than one year after the entry of the judgment. Fed. R. Civ. P. 60(c)(1).

Under Rule 60(b)(1)-(5), the Court is permitted to set aside a final judgment for any one of several specified reasons, including, but not limited to: mistake, excusable neglect, newly discovered evidence, fraud, satisfaction of the judgment, or a void judgment. Fed. R. Civ. P. 60(b). Excusable neglect includes two components: (1) neglect or noncompliance, (2) that is excusable. U.S. Commodity Futures Trading Com'n v. Kratville, 796 F.3d 873, 896 (8th Cir. 2015).

---

[4] Plaintiff brings his motion pursuant to Missouri Supreme Court Rule 74.06(b) which allows a party to seek relief from a judgment or order under certain circumstances, including: (1) mistake, inadvertence, surprise, or excusable neglect; (2) fraud; (3) irregularity of the judgment; (4) voidness of the judgment; and (5) or satisfaction, release or discharge of the judgment.  Federal courts sitting in diversity jurisdiction, however, apply federal procedural law and state substantive law. *Bradshaw Family Trust Inc. v. Twin City Fire Ins. Co.*, 105 F.4th 1089, 1093 (8th Cir. 2024);  *Hanna v. Plumer*, 380 U.S. 460, 465 (1965). Thus, this case is governed by the Federal Rules of Civil Procedure and Missouri Supreme Court Rule 74.06 is inapplicable. Accordingly, the Court will review Plaintiff's motion to set aside under Federal Rule of Civil Procedure 60, which governs motions seeking relief from judgments. Fed. R. Civ. P. 60.

5

Rule 60(b)(6) permits the Court to set aside a final judgment or order for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). Relief from a judgment pursuant to Rule 60(b)(6) is warranted only in "extraordinary circumstances." *In re Guidant Corp. Implantable Defibrillators Products Liability Litigation*, 496 F.3d 863, 868 (8th Cir. 2007). It is "exceedingly rare" for a court to grant a Rule 60(b)(6) motion because it "requires an 'intrusion into the sanctity of a final judgment.'" *Id.*, quoting *Watkins v. Lundell*, 169 F.3d 540, 544 (8th Cir. 1999). "Relief is available under Rule 60(b)(6) only where 'exceptional circumstances prevented the moving party from seeking redress through the usual channels.'" *Atkinson v. Prudential Property Co., Inc.*, 43 F.3d 367, 373 (8th Cir. 1994) (quoting *In re Zimmerman,* 869 F.2d 1126, 1128 (8th Cir. 1989)).

III.   Discussion

A. Active Military Duty

Plaintiff asserts he was on active military duty "at the time of" Defendants' Bill of Costs and entry of the Costs Order and, as a result, could not reasonably attend to or respond to court proceedings. [ECF No. 62 & 62-1] Specifically, Plaintiff states that his "duty obligations limited [his] ability to communicate or check on the case status." [ECF No. 62-1] Although Plaintiff's supporting affidavit states he was "away on active military duty" "[o]n or around December 30, 2024[,]" other evidence presented by Plaintiff demonstrates he was not on active military duty when: (1) Defendants' filed their Bill of Costs on August 1, 2024; (2) Plaintiff's counsel objected to the Bill of Costs on August 15, 2024; and (3) the Court entered the Costs Order on December 30, 2024.[5] [ECF No. 62-1]  Accordingly, Plaintiff's claim that he was on active military duty at the relevant times is unsupported by the record.

---

[5] Plaintiff's exhibit purportedly shows that Plaintiff was on active military duty on July 26, 2024; July 27, 2024; and August 16, 2024; and between September 2 through December 28, 2024; January 27 through January 30, 2025; February 16 through March 31, 2025; and April 1, 2025 through the present. [ECF No. 62-1]

Further, even if Plaintiff was on active military duty at the relevant times, Plaintiff has failed to demonstrate that this alone entitles him to relief under Rule 60(b). The Servicemembers Civil Relief Act (SCRA) provides for the temporary suspension of judicial proceedings "that may adversely affect the civil rights of servicemembers during their military service" in order "to enable such persons to devote their entire energy to the defense needs of the Nation." 50 U.S.C. § 3902. The SCRA "prescribes procedural measures designed to ensure that active duty servicemembers are not surprised during their deployment by adverse legal or financial consequences at home." *Carrelo v. Keystone RV Company*, No. 3:23cv661, 2024 WL 3732463, *3 (E.D. Vir. Aug. 6, 2024) (quoting *Rouse v. Moore*, No. JKB-22-00129, 2024 WL 1216475, at *4 (D. Md. Mar. 20, 2024)). The SCRA provides for stays in civil actions in certain circumstances but "[g]enerally, courts do not grant stays on a 'mere showing' that a party is in the military service." *Id.* (citing *Dalenberg v. City of Waynesboro*, 221 F. Supp. 2d 1380, 1382 (S.D. Ga. 2002)). "Instead, a court must 'determine whether the ability of the party in military service to prosecute [their] case is materially affected by [their] service and may properly deny the stay if the party will not be materially affected.'" *Id.* (quoting *Comer v. City of Palm Bay, Fla.*, 265 F.3d 1186, 1191 (11th Cir. 2001)).

In August 2023, Plaintiff filed an application for a stay under the Servicemembers Civil Relief Act ("SCRA") with supporting documentation, asserting he was unavailable to participate in the litigation due to his deployment through September 29, 2023, and requesting a stay of the proceeding until October 1, 2023. [ECF No. 27] The Court granted Plaintiff's application. [ECF No. 28] Shortly after the stay ended, the parties reported to the Court that Plaintiff had returned from active duty and the parties were able to proceed with the case. [ECF Nos. 30] On October 17, 2023, the Court entered an Amended Case Management Order. [ECF Nos. 30, 31, & 33]

7

Plaintiff did not file any additional SCRA applications seeking a stay of the proceedings after October 2023 on the basis that his military service affected his ability to participate in the proceedings or prosecute his case. Here, Plaintiff has not demonstrated that his military service materially affected his ability to prosecute his case or that his failure to avail himself of the protections of SCRA constitutes an extraordinary circumstance justifying set aside the December 2024 Costs Order pursuant to Rule 60(b).

    B.   <u>Notice of Defendants' Bill of Costs and Opportunity to Be Heard</u>

Plaintiff also contends the Court should set aside the Costs Order because he did not receive notice of Defendants' Bill of Costs and was not given an opportunity to respond. [ECF Nos. 62 & 62-1] Plaintiff's claim is belied by the record. Defendants filed their Bill of Costs on August 1, 2024, and Plaintiff's counsel filed an objection on Plaintiff's behalf on August 15, 2024.[6] [ECF No. 58 & 59] The Court considered Plaintiff's objection and, finding some to be meritorious, reduced Defendants' Bill of Costs from $6,507.70 to $2,825.30. [ECF No. 60] Accordingly, the Court finds Plaintiff had both notice of Defendants' Bill of Costs and that his objections to Defendants' request were heard.

    C.   <u>Violation of Uniformed Services Employment and Reemployment Rights Act</u>

Plaintiff also requests that the Court set aside the Costs Order because Defendants' attempts to collect the costs awarded violate Section 4311 of the USERRA.[7] [ECF No. 62, 62-1] Plaintiff

---

[6] In our legal system, an attorney acts as his client's agent and representative. *Prate v. Freedman*, 583 F.2d 42, 48 (2nd Cir. 1978). In our system of representative litigation, "each party is deemed bound by the acts of his lawyer-agent and is considered to have 'notice of all facts, notice of which can be charged upon the attorney.'" *Id.* (quoting *Link v. Wabash Railroad Co.*, 370 U.S. 626, 633-34 (1962); s*ee also Kirk Capital Corp. v. Bailey*, 16 F.3d 1485, 1492 (8th Cir. 1994).

[7] In addition to citing 38 U.S.C. § 4311, Plaintiff cites 38 U.S.C. § 4323(h) and 20 C.F.R. 1002.310, provisions governing fee and cost provisions in USERRA actions. Because the underlying action is not an action brought under the provision of USERRA, these fee and cost provision are inapplicable.

claims Defendants' April 2025 letter, which he received while on military leave, stated he "must repay the judgment, resign, or face termination" and is "coercive, retaliatory, and potentially in violation of Plaintiff's rights under [USERRA]." [ECF No. 62] Defendants counter that their letter seeking payment of the costs pursuant to the Court's Order was not tantamount to threats, coercion, or retaliation and did not violate the statute.  [ECF No. 63]

"USERRA 'prohibits employment discrimination on the basis of military service.'" *Kelly v. Omaha Public Power District*, 75 F.4th 877, 882 (8th Cir. 2023) (quoting *Rademacher v. HBE Corp.*, 645 F.3d 1005, 1010 (8th Cir. 2011) (quotation omitted); *see* 38 U.S.C. § 4301(a)(3). Section 4311(a) of the USERRA, provides:

> A person who is a member of, applies to be a member of, performs, has performed, applies to perform, or has an obligation to perform service in a uniformed service shall not be denied initial employment, reemployment, retention in employment, promotion, or any benefit of employment by an employer on the basis of that membership, application for membership, performance of service, application for service, or obligation.

"An employer violates USERRA's anti-discrimination provision if an employee's military status is a 'motivating factor in the employer's action, unless the employer can prove that the action would have been taken in the absence of' that status.'" *Kelly*, 75 F.4th at 882 (quoting 38 U.S.C. § 4311(c)(1); *see McConnell v. Anixter, Inc.*, 944 F.3d 985, 988 (8th Cir. 2019).

Contrary to Plaintiff's assertion, Defendants' April 2025 letter seeking payment on the Costs Order does not state that he "must repay the judgment, resign, or face termination[.]" [ECF No. 62-1] While the letter offers to "waive the costs owed" if Plaintiff resigns his employment, it also offers to establish a repayment plan if Plaintiff chooses to continue his employment. [ECF No. 62-1] The letter neither threatens any adverse employment action nor does it suggest any employment discrimination on the basis of Plaintiff's military service. Thus, Plaintiff has not presented any evidence demonstrating Defendants discriminated against Plaintiff on the basis of

9

his military service in violation of USERRA. Furthermore, Plaintiff has not cited any authority suggesting that a violation of USERRA related to the collection of costs would be a permissible basis for setting aside the Costs Order.

IV. Conclusion

The Court finds Plaintiff has failed to establish excusable neglect under Rule 60(b)(1) or extraordinary circumstances under Rule 60(b)(6) justifying setting aside the Court's entry of the December 30, 2024 Costs Order.

Accordingly, after careful consideration,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Set Aside Order for Attorney's Fees Pursuant to Rule 74.06(b) [ECF No. 62] is **DENIED**.

PATRICIA L. COHEN
UNITED STATES MAGISTRATE JUDGE

Dated this 30th day of June, 2025